## Gross v. Smith

*Daniel M. Pell,* for plaintiff.
*Daniel W. Shoemaker,* for defendant.

RAUHAUSER, JR., *J.,* April 16, 1986 — This matter is before the court from a notice of appeal from an award of arbitrators. Upon receiving an order for a pretrial conference, plaintiff/movant filed a petition captioned "Plaintiff's Motion for Specific Enforcement of a Settlement Agreement." The prayer of that petition includes a request that the court dismiss the appeal. Therefore, we will treat this matter as plaintiff/movant's motion to deny an appeal from an arbitration settlement award.

The cause of action arose because plaintiff/movant and defendant/respondent purchased a pick-up truck in joint names during a time when they were living together. The 1983 Toyota pick-up truck was financed through defendant/respondent's credit union, but payments were made by plaintiff/movant. Plaintiff/movant and defendant/respondent then separated and agreed that if plaintiff/movant paid the balance owed to the credit union the truck would be placed in his name alone.

Plaintiff/movant paid the credit union, but defendant/respondent refused to transfer the title to plaintiff movant. Defendant/respondent then took possession of the truck and certain tools in the truck and secreted them from plaintiff/movant.

The instant case was then referred to the board of arbitrators.

On January 23, 1985, Steven P. Linebaugh, Esq., then attorney for plaintiff/movant and Steven M. Carr, Esq., then attorney for defendant/respondent, appeared before the board of arbitrators. The attorneys for the parties entered into an agreement in favor of plaintiff for one 1983 Toyota pick-up truck and tools such as two levels, three measuring tapes, and miscellaneous hand tools.

The settlement agreement also awarded defendant $500 for original downpayment on the pick-up truck.

It is alleged by plaintiff/movant that both attorneys had authority to act in reaching the above settlement ageement. Plaintiff/movant contends that by entering into a settlement agreement, defendant/respondent waived her right to appeal this matter to the York County Court of Common Pleas.

Plaintiff/movant alleges that defendant/respondent has refused and continues to refuse to abide by the terms of the settlement reached before the board of arbitrators.

Based on these facts the issue before the court is: When a settlement agreement is reached by the parties during arbitration and the attorneys for each party had express authority to enter into a settlement agreement, have the parties, by entering into such an agreement, waived their right to appeal to the court of common pleas?

Neither the Federal Constitution nor the Constitution of the Commonwealth of Pennsylvania requires that there be a right to appeal from an award of a board of arbitrators. Kesler v. Blakley, 8 D.&C.3d 314 (1977) aff'd, 261 Pa. Super. 586, 396 A.2d 61

(1978) (citing Washington Arbitration Case, 436 Pa. 168, 259 A.2d 437 (1969)).*

Rather, the right to appeal from a decision of arbitrators, while substantial, is not absolute and can be subjected to reasonable conditions. Id. at 316 (citing Meta v. Yellow Cab Co. of Philadelphia, 222 Pa. Super. 469 269 A.2d 898 (1972)).

Furthermore, while an attorney must have express authority to bind his client to a settlement agreement, where such authority exists, the attorney can bind the client. Rothman v. Fillette, 503 Pa. 259, 469 A.2d 543 (1983); Rago v. Nace, 313 Pa. Super. 575, 460 A.2d 337 (1983).

This case can be distinguished from Kesler and Washington Arbitration Case cited by the plaintiff/movant here, in that in the instant case there was a settlement award but in the Kesler and Washington Arbitration Case a decisional award was granted by the arbitration board.

This court holds that when a settlement agreement is reached by the parties during arbitration and the attorneys for each party have express authority to enter into such settlement agreement, the parties have waived their right to appeal to the court of common pleas concerning that settlement agreement. Therefore, plaintiff's motion to deny an appeal from an arbitration settlement award is granted.

## ORDER

And now, this April 10, 1986, plaintiff/movant's motion to deny defendant/respondent's appeal from an arbitration settlement award is granted.

---

*Furthermore, the Pennsylvania Rules of Civil Procedure concerning compulsory arbitration do not require that there be a mandatory right of appeal from an award of a board of arbitrators. See Pa.R.C.P. 1308 through 1313 (Supp. 1985).