## Ward Estate.

Argued April 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*B. D. Oliensis,* with him *Jacob K. Miller,* of *Levi, Mandel & Miller,* for appellant.

*John C. Noonan,* with him *Fox & McTighe,* for appellee.

OPINION BY MR. JUSTICE HUGHES, June 30, 1944:

When David L. Ward died on November 12, 1913, he bequeathed to Anna Ward, his widow, $50,000.00 in trust, to invest the same and pay over the net income to his daughter Josephine while her mother lived. The mother was appointed trustee. Upon the death of Anna Ward, the principal was bequeathed to Josephine, absolutely. On June 24, 1915, after Josephine became of age, she signed an instrument in which she ratified and confirmed the setting aside of certain non legal investments to be held in trust for her under her father's will and requested that her mother, as trustee, continue the investments in these non legal securities. The record discloses that the mother, as trustee, distributed all of the income to Josephine. The trustee filed no account during her lifetime. On November 10, 1942, the mother-trustee died and Milton S. Leidner was appointed guardian for Josephine, who had been declared weak-minded by the Court of Common Pleas No. 7 of Philadelphia County, as of December Term, 1942. After the administrator c. t. a. of the estate of Anna Alexander [Ward], deceased, had filed the account of Anna Alexander [Ward] as trustee for Josephine, the guardian took exceptions to the account, claiming the accounting inadequate in that it failed to disclose the date when the se-

curities were received by the trustee and how acquired, that the accountant failed to disclose as a charge the principal sum originally awarded to the deceased trustee, and the investments were held in non legal securities. While these exceptions were pending, the guardian and accountant agreed to compromise the controversy provided the Court of Common Pleas No. 7 of Philadelphia County approved the arrangement and advised the auditing judge thereof. Before any action was taken by that court the auditing judge modified the decree by allowing commissions and then dismissed the guardian's exceptions, stating in the decree: "There is, however, no reason for holding this adjudication pending that event because this adjudication can be made, and it is made by the direction that the Accountant here shall withhold the sum of One Thousand Dollars ($1,000.) from funds in his hands to be paid to Milton S. Leidner, Guardian of the said Ward, at any time a proper acquittance is given by the Exceptants for said sum." After this decree, the present intervenor, the son of the weak-minded Josephine, appeared and took this appeal.

An examination of this case on its merits disclosed that the daughter Josephine, after she came of age and while still of sound mind, signed an instrument requesting her trustee to continue her beneficial estate in non legal investments. "Where the sole beneficiary requests in writing that a conversion of property should be postponed until further notice by her, the executor is legally justified in acceding to her wishes": *Stephen's Estate,* 320 Pa. 97, 102, 181 A. 559. "A competent beneficiary who with full knowledge of the facts and of his rights expressly consents to or affirms an investment by the trustee cannot, in the absence of fraud, thereafter question its propriety": *Stephen's Estate,* supra; *Armitage's Estate,* 195 Pa. 582, 46 A. 117; *Detre's Estate,* 273 Pa. 341, 117 A. 54; *Brown's Estate,* 287 Pa. 499, 135 A. 112; *Macfarlane's Estate,* 317 Pa. 377, 177 A. 12; *Curran's Estate,* 312 Pa. 416, 167 A. 597; *Strawbridge's Estate,*

322 Pa. 406, 411, 185 A. 726. See also, Restatement, Trusts, section 216.

The other substantive question raised by the appellant is that the trustee's commissions and counsel fees should not be allowed because, it is alleged by the appellant, the trustee mingled the trust funds with her own moneys, kept no record of income and disbursements, and neglected for thirty years to file an account. The question as stated by the appellant is not supported by the record. There is no evidence of a commingling of the trust funds. The funds of the trust were invested in securities and kept in a separate safety deposit box in the name of the deceased as trustee under the will of David L. Ward. The learned auditing judge found the account "sufficiently informative to enable the Guardian of the said Josephine Ward Beale to discover that of which the estate consists", and an examination of the account will confirm this finding. The securities in which the estate was invested are traced from the time the trust was created up until the accounting, and the record discloses the mother-trustee paid for the benefit of Josephine all of the income produced by the trust and that she had spent on Josephine "a sum far in excess of the income which this estate yielded to her." It was pointed out in the adjudication, "While it is true that the legislation makes a mother-parent liable to a state institution for the maintenance of her child, in this instance the child was not in a state institution and for considerable part of the time was the wife of a man whom she had married many years before her mother died." On July 2, 1943, the administrator c. t. a. of the deceased trustee filed an income account to which no exception was taken. In view of the beneficiary's approval of the investments and the clear evidence that there was no mismanagement, imprudent action, or fraud, shown in the handling of the funds of the trust by the mother-trustee, and the findings and conclusions of the court below negativing the implication of such conduct, they are conclusive

upon this court: *Snyder Estate,* 346 Pa. 615, 621, 31 A. 2d 132; *Quinn's Estate,* 342 Pa. 509, 514, 21 A. 2d 78; *Frank's Estate,* 339 Pa. 499, 501, 15 A. 2d 353. This beneficiary, when competent, had full knowledge of the facts and of her rights, and expressly consented to and affirmed the investments by the trustee and, in the absence of fraud, this intervenor-exceptant cannot now question their propriety: *Clabby's Estate,* 338 Pa. 305, 12 A. 2d 71.

The court below allowed commissions to the trustee. The trustee was faithful and honest in the administration of her trust, derived no personal benefits therefrom, and was authorized by the beneficiary to carry the estate in non legal securities. It was proper, under these circumstances, to allow the trustee commissions (see *Quinn's Estate,* 342 Pa. 509, 515) and counsel fees. The allowance or disallowance of counsel fees rests generally in the judgment of the court of the first instance and its decision will not be interfered with except for palpable error: *Foulke's Estate,* 334 Pa. 186, 190, 5 A. 2d 179; *Rambo's Estate,* 327 Pa. 258, 266, 193 A. 1.

As this case is properly disposed of by the foregoing conclusions, it is unnecessary for us to consider any of the other questions raised on this appeal.

Judgment affirmed; costs to be paid by the appellant.