452 A.2d 838

**Lillian Ruth GOLDBERG, Appellant,**

v.

**Albert W. GOLDBERG.**

Superior Court of Pennsylvania.

Argued March 30, 1982.

Filed Nov. 19, 1982.

Stephen G. Brown, Philadelphia, for appellant.

Gilbert I. Yaros, Philadelphia, for appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

This is an appeal from a judgment entered on a non-jury verdict in favor of Albert W. Goldberg, appellee, in an action

brought by his wife, Lillian Ruth Goldberg, the appellant herein, to recover counsel fees incurred in a prior action in equity. In the prior action, Mrs. Goldberg had been successful in setting aside a deed which purported to convey her interest in real estate owned by her and her husband as tenants by the entireties. Because it is clear that counsel fees cannot be recovered in the instant action, the judgment will be affirmed.

It is unnecessary that we decide whether a wife was entitled to recover counsel fees from her husband under the substantive law applicable at the time appellant brought her action in equity to protect and preserve her interest in real estate owned by the entireties.[1] Even if we assume—we do not decide—that appellant had a valid claim for counsel fees, it is clear that her claim cannot support the present action. Counsel fees cannot be sued for separately from the principal claim. Separate suits constitute an impermissible splitting of but one cause of action. *Leomporra v. American*

1. The Judicial Code of 1976, at 42 Pa.C.S. § 2503, effective June 27, 1978, now allows the recovery of a reasonable counsel fee "as part of the taxable costs of the matter" by the following persons:

(1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.

(2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.

(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

(4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

*Baking Co.,* 198 Pa.Super. 545, 549–50, 178 A.2d 806, 807 (1962).

■ A separate action to recover damages for fraud, moreover, would be barred by the statute of limitations contained in the Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31, repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2(a)[9], effective June 27, 1978 (current version at 42 Pa.C.S. § 5527). The act of fraud relied upon by appellant to support her claim for damages in the nature of counsel fees was admittedly known by appellant in May, 1968. The instant action for damages was not commenced until May 26, 1976, eight years later.

It is clear, therefore, that appellant cannot recover counsel fees in this action, and judgment was properly entered in favor of appellee.

The judgment is affirmed.

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.