460 A.2d 337

**Stephen RAGO, Jr.**

v.

**Anna L. NACE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1983.

Filed May 13, 1983.

576

Mark S. Sigmon, Bethlehem, for appellant.

John Peter Karoly, Jr., Allentown, for appellee.

Before BROSKY, WIEAND and CIRILLO, JJ.

BROSKY, Judge:

This appeal is from the denial of a petition to set aside a settlement. Appellant raises three issues: 1) Whether the court below could direct a verdict for plaintiff without any action on the part of the jury. 2) Whether the counsel for the defendant had the authority to bind the defendant to a settlement agreement without the express authority and understanding of the defendant. 3) Whether the settlement agreement constituted an unexecuted accord which is unenforceable. We affirm.

Issues 1) and 3), above, were not raised below in appellant's petition to set aside the settlement. They are, therefore, waived for purposes of appellate treatment. Pa. R.A.P. 302(a).

The only issue remaining for our consideration is number 2), above: whether counsel for defendant had the authority to bind the defendant to a settlement agreement without the express authority and understanding of the defendant. Of course, counsel cannot agree for his client to a settlement without his client's authorization. However, we fail to see the applicability of that legal maxim to the case before us. Appellant's trial counsel did not bind her to the settlement agreement; appellant herself did so in open

court. The trial court recited to appellant the terms of the settlement agreement and appellant evinced her agreement.

THE COURT: It is my understanding that the parties have worked very diligently and hard here to arrive at a settlement, and the Court appreciates the efforts that were put into the parties reaching a settlement in this matter.

In light of the amounts that were going to be discussed about here, I think the parties have reached a fair settlement and done the right thing in this matter.

So, the Court will direct a verdict in this case in favor of the plaintiff Stephen Rago, Jr., and against the defendant, Anna L. Nace, in the sum of $31,800, said sum to be payable within 45 days of this date; no legal interest being due and payable on said amount within the first 20 days, and legal interest shall then run if not paid within said 20 days, commencing 20 days hereafter.

Anything further, gentlemen?

MR. LANSHE: No, Your Honor.

Anna, did you hear what he said?

MRS. NACE: No.

MR. LANSHE: Okay. She has a little trouble hearing, your Honor.

THE COURT: Mrs. Nace, can you hear me now?

MRS. NACE: Yeah.

THE COURT: All right. According to the settlement which the two of you have agreed to I have entered a verdict in favor of Mr. Rago in the sum of $31,800 which is payable within 45 days of this date. Now, no legal interest will run on that amount for the first 20 days. If it's paid within that time it's $31,800. After the 20 days the legal rate of interest will accrue to the agreed upon figure of $31,800. Is that your understanding?

MRS. NACE: Yes.

THE COURT: All right, Mrs. Nace.

MR. KAROLY: Thank you very much, your Honor.

THE COURT: All right.

MR. LANSHE: Thank you, your Honor.

THE COURT: Mr. Frey, bring the jury in.

(The jury was dismissed and the trial concluded.)

■ A settlement will not be set aside absent a clear showing of fraud, duress or mutual mistake. *Greentree Cinemas, Inc. v. Hakim,* 289 Pa.Super. 39, 432 A.2d 1039 (1981). No such showing is made on the record.

■ Depositions were taken *ex parte* by the appellant after the settlement. These depositions do not indicate that appellant misunderstood the nature of the settlement. Nor do they support any other possible argument to set aside the settlement. At most, they show that appellant was reluctant to settle and believed in the correctness of her side of the case. Such attitudes obviously cannot constitute a bar to the enforcement of the settlement.[1]

■ Appellant would also have the settlement set aside on the grounds that the settlement colloquy was inadequate. Appellant would have us require the parallel of the in-depth colloquy used in a criminal setting when defendant pleads guilty. We decline to treat this issue on its merits, as it was not raised as an issue in the statement of the issues.[2] Pa.R.A.P. 2116(a).

The denial of the petition to set aside the settlement is affirmed.

WIEAND, J., did not participate in the consideration or decision of this case.

1. We note in passing that appellant's counsel on appeal makes arguments based on appellant's age and economic condition. These arguments are not relevant to the legal issues before us.

2. However, we note purely as *dicta* that even if we were to address this issue substantively it would avail appellant nothing.