509 A.2d 419

**Paul G. ESTEP, Appellant,**

**v.**

**Thelma R. (Sharp) ESTEP.**

Superior Court of Pennsylvania.
Submitted June 7, 1983.

Filed May 20, 1986.

Joseph F. Cassarino, Greenburg, for appellant.

P. Louis DeRose, III, Greensburg, for appellee.

Before CERCONE, President Judge, and SAPETH * and HESTER, JJ.

CERCONE, President Judge:

In the initial appeal of this case from an order of equitable distribution and divorce, pursuant to the Divorce

* This case was decided after Judge Spaeth left the bench.

Code of 1980, 23 P.S. § 101, *et seq.*, we affirmed four of the findings of the Master, which had been adopted by the lower court. *Estep v. Estep,* 326 Pa.Superior Ct. 404, 474 A.2d 302 (1984). Two of appellant, Paul G. Estep's, contentions concerning the real estate which was owned by the parties and the proceeds from a Merrill-Lynch stock account, were held not to be marital property by this court, reversing that part of the lower court's equitable distribution order. The Pennsylvania Supreme Court granted Thelma R. (Sharp) Estep's petition for allowance of appeal and reversed that part of this court's decision concerning the real estate and the Merrill-Lynch account. This case is before us now on remand from the Supreme Court for the consideration of "any other remaining issues not previously considered." *Estep v. Estep,* 508 Pa. 623, 500 A.2d 418 (1985).

Initially, we adopt the analysis and disposition of our former opinion in this case as to appellant's claims involving the money given to appellant by his mother, the amount of insurance possessed by appellant, the money contained in the joint safety deposit box, and the valuation which was placed on the real estate by the lower court. *Estep v. Estep, supra.* The issues which are before us now for review are whether the distribution of the real estate by the Master was in error in that it should have reflected a substantially greater claim of interest in the property by the appellant than by appellee; and also, whether appellant should have been awarded the entire amount, or at least a greater share, in the Merrill-Lynch account owing to his exclusive contribution to it.

The lower court, adopting the recommendations of the Master, concluded that the real estate should be divided equally, based on equivalent contributions of the parties. The court premised its decision on several factors (1) cash contributions to construction of a home of husband and wife of $10,000 and $8,000, respectively; (2) the value of the husband's work and labor on the home and his limited financial support of the parties throughout construction (3)

the wife's primary responsibility for the parties' daily living expenses during the approximately eight month period of construction; (4) and the wife's non-monetary contribution as both a construction-helper and homemaker. As for the Merrill-Lynch account, the court ordered the withdrawal of the monies in it, and the application of the fund to satisfy the mortgage on the home, with the balance to be divided equally.

We reiterate that equitable distribution is within the discretion of the trial court and its decision will not be disturbed absent an abuse of that discretion. *Gee v. Gee,* 314 Pa.Superior Ct. 31, 460 A.2d 358 (1983).

Under this standard, we do not usurp the hearing court's duty as fact finder. Rather we apply the legislative guidelines of the Divorce Code to the record to determine whether or not the hearing court has abused its discretion. *Barnhart v. Barnhart,* 343 Pa.Superior Ct. 234, 237, 494 A.2d 443, 444 (1985).

The applicable guidelines which are relevant to our review include:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training, or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective. Divorce Code, 23 P.S. § 401(d).

■ Appellant testified he contributed the land upon which the marital home was constructed for which he paid $3,750.00. Moreover, appellant also bases his contention that the equitable distribution of the real estate should reflect his greater contribution to the development of the property in spending all his working hours from March to September, 1978, constructing the home in question. Appellee's claim is based on her contributions as established at the hearing on February 19, 1981. Therein it was established that she contributed $8,000.00 in cash toward the construction of the house, while appellant contributed $10,-000.00. In addition to earning $1,000.00 per month at a full time job with which she paid the parties' living expenses, including apartment rental, utilities and food, appellee also contributed her services as a homemaker. She also helped out with some of the construction work on the home, namely painting and varnishing and assisting in the installation of insulation. Thus, the court, in adopting the findings of the Master as supported by the hearing testimony, concluded that an equal distribution of the real estate was fair and justifiable. We find no abuse of discretion in the equivalent distribution.

■ As to the equal distribution of the Merrill-Lynch account, the Master ordered the withdrawal of the fund from the account, which was in excess of $6,000.00 to be applied to the remaining amount of the outstanding mortgage on the property, with the remaining balance to be divided by the parties. Appellant's contention regarding this account is that $2,500.00 was contributed to it from his sale of a piece of property which he held prior to his marriage to appellee, and that the remaining $3,500.00 was the result of carpentry work which he performed on other jobs during the marriage. He claims that he should receive

some credit for his contributions pursuant to § 401(d)(7) of the Divorce Code, *supra*, and that the lower court abused its discretion in dividing the account as it did.

The Pennsylvania Supreme Court has already decided the nature of the proceeds in the Merrill-Lynch account as being marital. The Court referred to the husband's testimony at the hearing as indicating that he considered the account as jointly owned. Therefore, we shall decide whether the lower court acted properly within its discretion in adopting the disposition of the account prescribed by the Master. Despite the origin of these funds, the lower court reasoned, in dividing them equally between the parties, that it must be borne in mind that appellee-wife's support as homemaker and as full-time wage-earner made it possible for the parties to be able to invest the $6,000.00 amount, in lieu of its use in day to day living. The lower court did not abuse its discretion by this division and its discussion indicates that it did consider the respective contributions and rights of the parties.

Therefore, for the aforementioned reasons, the order is affirmed.