J-A22024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICIA HECK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID P. VALENTIN | |
| Appellant | No. 796 EDA 2017 |

Appeal from the Order Entered January 30, 2017
In the Court of Common Pleas of Chester County
Domestic Relations at No(s): 2012-05269-DI

*************

| | |
|---|---|
| PATRICIA HECK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID P. VALENTIN | |
| Appellee | No. 874 EDA 2017 |

Appeal from the Order Entered January 30, 2017
In the Court of Common Pleas of Chester County
Domestic Relations at No(s): 2012-05269-DI

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 24, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

These are cross appeals from the Final Decree of divorce and equitable distribution entered in the Court of Common Pleas of Chester County. Patricia Heck ("Wife") is the designated appellant and David P. Valentin ("Husband") the designated appellee. Upon careful review, we affirm the trial court's order.

The trial court set forth the facts of this matter as follows:

[Husband and Wife] entered into a common law marriage in 1997.[1] The parties have one child, Veronica Valentin, who is emancipated. Husband and Wife separated on April 23, 2012. On May 24, 2012, Wife filed a Complaint in Divorce.

[1] On November 2, 2012, [the trial court] found that the parties entered into a common law marriage on February 11, 1997.

Husband, 49, is a Pennsylvania State Trooper. He is an investigator in the Vehicle Fraud Unit. His base salary is [$]97,477 per year. Husband lives alone in the marital residence.

Wife, 56, suffers from rheumatoid arthritis. She receives Social Security disability income and disability insurance. She worked for the Oxford Area School District as a custodian and for Longwood Gardens as a custodian. Wife receives $1459 per month in income from her pension from the Oxford Area School District, disability insurance payments from Longwood Gardens and Social Security disability payments. Wife lives in an apartment.

The equitable distribution matter was heard before Special Master Caren E. Morrissey on June 8, 2016. Special Master Morrissey issued her [r]eport and [r]ecommendation based upon the record and hearings before her. She found that the marital estate consists of $428,034 in assets and recommended that the marital assets be divided 60% ($256,820) to Wife and 40% ($171,214) to Husband. She recommended that Husband receive 42% of his SERS Pension and Wife receive 58% "in consideration of Wife retaining 100% of her Longwood Gardens and Oxford Area School District pensions."

. . .

- 2 -

To effectuate the recommended 60%/40% distribution [of marital assets], Special Master Morrissey recommended that Husband pay Wife $231,813.[1]

The Special Master recommended that Husband have ninety (90) days from the entry of the Divorce Decree to obtain the funds necessary to pay Wife $231,813. She recommended that if Husband is unable to obtain the funds within ninety days, Husband should incur interest on the outstanding balance at the rate of 6% per annum until said funds are paid to Wife.

. . .

The Special Master recommended that Husband pay Wife $1094 per month in alimony for three (3) years from the date of the entry of the Final Decree in Divorce, and that alimony shall terminate upon the death of either party or Wife's remarriage or cohabitation. [Husband has already paid spousal support to Wife for a period of over four years prior to the entry of the Final Decree.]

Trial Court Opinion, 1/30/17, at 1-5 (internal citations to the record omitted).

Both Husband and Wife filed exceptions to the report of the special master. Husband's exceptions were granted in part and denied in part; all of Wife's objections were denied. The court entered a final decree on January 30, 2017. This timely cross appeal follows.

Wife raises the following issue for our review:

Did the trial court err in limiting Wife's alimony to three years from the entry of the divorce decree?

Brief of Designated Appellant, at 6.

Our standard of review regarding questions pertaining to the award of alimony is whether the trial court abused its discretion. We previously have explained that the purpose of alimony is not

_____

[1] This sum consists of 60% of the marital assets, plus $3,095 in counsel fees, minus $28,102, the value of the marital assets being distributed to Wife.

to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.

*Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa. Super. 2004) (citation and internal quotation marks omitted).

In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage.

*Id.*, quoting *Anderson v. Anderson*, 822 A.2d 824, 830-31 (Pa. Super. 2003) (citations omitted). *See also* 23 Pa.C.S.A. § 3701.[2]

_____

[2] Pursuant to section 3701, the factors to be considered in determining an award of alimony are as follows:

(b) Factors relevant.--In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed

Here, Wife argues that the court's award of three years of additional alimony is insufficient, as she is disabled and will likely never work again. Wife asserts that, after the expiration of three years, she will be unable to provide for her basic needs "unless she receives the funds from her share of Husband's SERS pension or Husband has paid to her the amount due for her share of equitable distribution." Brief of Designated Appellant, at 9-10. Wife claims that the court should have awarded her alimony indefinitely until such time as she receives either the pension payments or the equitable distribution sums due her by Husband. Wife notes that this approach has previously been approved by our Court in **Williams v. Williams**, 540 A.2d 563 (Pa. Super. 1988), in which the trial court awarded alimony to wife, aged 60, whose sole income was temporary unemployment benefits, until such time as she received proceeds from the sale of the marital real estate or until she received social security, whichever came first.

In approving the master's recommendation as to alimony, the trial court found as follows:

> The Special Master considered Wife's economic circumstances and recommended that Wife receive 60% of the assets in a lump sum payment of $231,813. In addition to her disability payments, Wife

---

> under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

> (17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b).

will have three years of alimony to help her meet her reasonable needs. Wife will have funds from equitable distribution to support her during any gap before she receives her share of the marital pension. If Husband fails to pay Wife the lump sum within 90 days, she can pursue the usual enforcement remedies and sanctions.

As noted above, Husband has paid spousal support for over four years. The Special Master recommended that he pay alimony for three years from the date of the Divorce Decree. The parties were married and living together for fifteen years. Husband will have paid support to Wife for over seven years. Given the length of the marriage and the years spent paying Wife support, the Special Master's recommendation was reasonable.

Trial Court Opinion, 1/30/17, at 26.

Based on the circumstances present in this case, we conclude that the trial court did not abuse its discretion in awarding Wife alimony for a period of three years. First, Wife's claim for additional alimony is premised solely on her belief that Husband may not pay her lump sum equitable distribution share in a timely manner. However, this assertion is entirely speculative and, as the trial court aptly notes, in the event Husband does not pay within 90 days as required by the final decree, Wife has at her disposal "the usual enforcement remedies and sanctions" to compel compliance. The trial court was well within its discretion to decline to award indefinite alimony based only on the possibility that Husband may not comply with the court's equitable distribution order, an eventuality that may never come to pass and for which Wife has ample remedies available. *See* 23 Pa.C.S.A. § 3323(b) (in enforcing rights of any party to final divorce decree, the court shall have all necessary powers, including, but not limited to, power of contempt and the power to attach wages).

- 7 -

Second, Husband and Wife were married for fifteen years. Husband has already paid Wife support for over four years. By the time Husband has completed his alimony obligation, he will have paid to support Wife for over seven years. Moreover, Wife is to receive a disproportionate share of the marital estate through equitable distribution. In light of this fact, and the duration of the parties' marriage, the total award of more than seven years' support was not unreasonable or an abuse of discretion.

Husband raises the following issues for our review:

1. Whether the trial court abused its discretion and/or erred as a matter of law by denying Husband's exception asserting that the Special Master erred and/or abused her discretion in placing values on Husband's 1967 Z-28 Camaro and 1969 Pace Car Camaro?

2. Whether the trial court abused its discretion and/or erred as a matter of law by denying Husband's exception asserting that the Special Master's equitable distribution recommendation, that Husband pay Wife $231,813.00 in cash in ninety days, constituted a punitive award and an abuse of discretion?

Brief of Designated Appellee, at 8.

Husband first claims that the trial court erred in accepting the special master's valuation of two of his classic cars. Husband argues that the values attributed by the special master to his 1967 Camaro and 1969 Pace Car Camaro, which the trial court accepted, were: (1) inconsistent with valuations given to two other Camaros; (2) unsupportable under NADA[3] definitions, even

_____

[3] National Automobile Dealers Association. An entity called National Appraisal Guides, Inc., licensing the name "NADA," publishes vehicle pricing information

though based on NADA reports; and (3) not a reflection of the true value of the cars given that Husband has spent far more on individual parts than he could ever resell the restored cars for. Husband argues that the Camaros are "totally disassembled vehicle[s] accompanied by an incomplete collection of assorted parts" and, thus, cannot be valued based on NADA reports, which apply to functional cars. Moreover, whereas the master valued two other disassembled Camaros owned by Husband at $15,000 based upon Husband's valuations, the master chose to value the 1967 and Pace Car Camaros based on an average between the high and low values set forth in the NADA reports. In sum, Husband asserts that the valuations on the Camaros are unsupported by the record and should be reduced to $15,000 each.

In response, Wife argues that the special master properly found Husband's opinions as to the value of the 1967 and Pace Car Camaros not credible, based on his testimony that he spent over $70,000 on parts for and improvements to the 1967 Camaro and offered it for sale in 2007 for $65,000 or best offer. Wife also points to Husband's testimony before the master that, upon selling the vehicle, he "would like to get what I pretty much got in it." N.T. Master's Hearing, 6/8/16, at 142. Similarly, with respect to the 1969 Pace Car Camaro, Wife argues that the master's determination that Husband's valuation estimate of $15,000 was not credible was supported by evidence

_____

and tools for new, used, and classic cars, for use by consumers, dealers and other entities. http://www.nadaguides.com/Company-Overview (visited on 10/5/17).

that Husband purchased the car for $10,000 and spent an additional $59,000

in parts and improvements to the car.

We begin by noting:

[a] trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

*Carney v. Carney*, 167 A.3d 127, 131 (Pa. Super. 2017), reargument denied

(Aug. 25, 2017), quoting *Morgante v. Morgante*, 119 A.3d 382, 386–87 (Pa.

Super. 2015).

We begin by emphasizing that "[t]he Divorce Code does not set forth a specific method for valuing assets, and consistent with our standard of review, the trial court is afforded great discretion in fashioning an equitable distribution order which achieves economic justice." *Mundy v. Mundy*, 151 A.3d 230, 236 (Pa. Super. 2016) (citation omitted). In valuing marital assets, "[t]he

- 10 -

> trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals submitted by both parties." **Smith v. Smith**, 904 A.2d 15, 21–22 (Pa. Super. 2006). However, this Court has consistently held that, "[i]n determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property." **Mundy**, 151 A.3d at 236 (quoting **Smith**, 904 A.2d at 22).

**Carney**, 167 A.3d at 131–32.

Here, it was reasonable for the master to conclude, and for the trial court to agree, that the valuation of Husband's car collection should account for the value of the parts Husband purchased to restore them, even though many of the parts have not yet been installed and the cars are not currently in running condition. Husband purchased the parts, using marital funds, with the goal of using them to ultimately restore the automobiles to the condition they were when "they came out of the factory." N.T. Master's Hearing, 6/8/16, at 129. The master concluded that Husband's $15,000 estimate as to the value of the 1967 Camaro was unreasonable in light of his expenditures towards improvements to the vehicle, as well as the fact that he had previously offered it for sale for $65,000. We do not find the trial court's adoption of this finding to be an abuse of discretion. Similarly, the master's valuation of the 1969 Pace Car was reasonable in light of the fact that Husband paid $10,000 for it and spent an additional $59,000 for parts and improvements to the vehicle. Neither party presented professional appraisals as to the value of the vehicles, and the master was left to arrive at an equitable valuation based on the evidence before her. Given the information made

available by the parties, the master evaluated the credibility of the evidence and arrived at valuations that were reasonable under the circumstances, and the trial court did not err in adopting her conclusions.

Finally, Husband claims that the trial court abused its discretion in adopting the master's recommendation that he pay Wife the sum of $231,813, in cash, within 90 days of the date of the final decree. Husband asserts that the court's order was punitive because he lacks sufficient liquidity and his income and other financial obligations make it virtually impossible for him to access the necessary funds. We can discern no abuse of discretion.

In its opinion disposing of the parties' exceptions, the trial court noted the master's finding that Husband has a substantial income and the ability to acquire future income and assets. The court also focused on Husband's expenditure of significant sums of money on his car restoration hobby, noting the following: (1) Husband spent over $70,000 on the 1967 Camaro, including on the car itself and parts; (2) Husband spent nearly $1,000 to sandblast one of his cars; (3) Husband paid $14,500 to have the 1969 Pace Car painted; (4) Husband paid $16,800 to install sheet metal on the 1969 Pace Car; and (5) Husband spent $108 on screws for one of his cars, even though he acknowledged that he could have gone to a hardware store and purchased screws for just six cents apiece. Trial Court Opinion, 1/30/17, at 7. In light of Husband's income, substantial expenditures on his car collection, and his ability to sell all or parts of that collection to fund his financial obligation to Wife, the trial court was within its discretion to conclude that it was reasonable

to require him to pay Wife her share of equitable distribution – interest free – within 90 days.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017