432 A.2d 1039

GREENTREE CINEMAS, INC., Plaintiff-Appellant,

v.

Elias J. HAKIM, Jr., Janet R. Hakim, Virginia Mansions
Apartments, Inc., Sunland Properties Trust and Robert
O. Lampl, Trustee of Sunland Properties Trust.

GREENTREE CINEMAS, INC., Plaintiff-Appellant,

v.

Elias J. HAKIM, Jr., and Janet R. Hakim, His Wife, and
Virginia Mansions Apartments, Inc., a
Pennsylvania Corporation.

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed July 17, 1981.

40

James A. Lewis, Pittsburgh, for plaintiff-appellant.

Leonard M. Mendelson, Pittsburgh, for Hakim, et al., defendants-appellees.

George Shorall, Pittsburgh, for Janet Hakim, defendant-appellee (at No. 739).

Before HESTER, WATKINS and VAN der VOORT, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Allegheny County, Civil Division, and involves the plaintiff-appellant's appeal from the order of the court below of July 22, 1980 which denied plaintiff's Petition for Order Enforcing Settlement and from the order of the court below of April 28, 1980 which struck the plaintiff's lis pendens action which had been filed against the real estate in question.

The plaintiff filed a complaint in equity against the defendants on April 25, 1979 in which the plaintiff sought specific performance of a contract for the sale of real estate. The defendants filed an Answer, New Matter and Counterclaim to the plaintiff's action on November 29, 1979. Plaintiff filed a Reply to the New Matter and Counterclaim on December 18, 1979. An Amended Answer was filed on behalf of the Defendant Janet Hakim on March 13, 1980. Trial on this matter was scheduled for April 14, 1980 before the Honorable Silvestri Silvestri. However, on that date, Judge Silvestri informed the parties that he would not preside over the trial of the case because he knew the Defendant Elias Hakim but that a settlement negotiation would be conducted before him on that date. After several hours of intensive negotiations, Judge Silvestri announced certain terms relative to the action which terms were transcribed. After having been informed that the defendant-appellee would not abide by said terms, the plaintiff-appellant filed a Praecipe for Writ of Summons in Equity against the defendants and indexed the same lis pendens against real estate in which it was granted an interest pursuant to the terms announced by the court on April 14, 1980.

On April 28, 1980, Judge Silvestri entered an order striking the lis pendens. Plaintiff now appeals that order. On May 5, 1980, plaintiff filed a Petition for Order Enforcing Settlement. Hearings on said petition were held before the court on May 30, 1980 and June 11, 1980. On July 22, 1980

the court below entered an order denying plaintiff's petition. Plaintiff then appealed that order and both appeals are consolidated before us. Appellees filed a Motion to Quash the said appeals which was denied by this Court without prejudice.

The appellant's position is that the terms set forth and transcribed by Judge Silvestri at the April 14, 1980 settlement conference constituted a full settlement agreement and that the appellees, by refusing to abide by the said terms, have flaunted the authority of the court and have breached a binding agreement made by them on that date.

The appellees allege that the April 14, 1980 transcript merely set forth the elements of a proposed agreement to which they ultimately did not give their assents and that, therefore, the April 14, 1980 transcript does not constitute a settlement agreement. Appellee Janet Hakim avers that, although she was represented at the settlement conference by counsel, that her counsel did not have the authority to enter into a negotiated agreement on her part and that she subsequently informed her counsel that she would not agree to the said terms. She points out that she was not present at the settlement conference and had not given anyone authority to settle on her behalf but had merely given her attorney the authority to represent her at the trial scheduled for that date. It should also be noted that at the suggestion of the court two additional defendants, Sunland Properties Trust and Robert O. Lampl, Trustee of Sunland Properties Trust, were joined as additional defendants subsequent to the time of the hearing on the plaintiff's petition to enforce the settlement. Plaintiff then filed an Amended Petition to Enforce Settlement.

Settlement of matters in dispute are favored by the law and must, in the absence of fraud and mistake, be sustained. Otherwise any settlement agreement will serve no useful purpose. *Schlosser v. Weiler*, 377 Pa. 582, 105 A.2d

331 (1954). It is also clear "that where a litigant does not attempt to repudiate immediately the authority of his counsel to enter into a settlement, but rather accepts the benefits flowing from the settlement, he ratifies the act of the attorney and will not be later heard to claim that his attorney acted without authority." *Appeal of Scott Township*, 31 Pa.Cmwlth. 505, 377 A.2d 826 (1977). Thus, it is apparent that a final settlement of a dispute entered into by the parties thereto may be enforced by the court. However, where a settlement order is ambiguous rendering it impossible to understand and enforce, we will set aside the settlement agreement and remand the matter to the court below for a trial on the merits thereof. *Darabant v. Atwood Home Builders, Inc. and Michael Schmidt*, 153 Pa.Super. 281, 421 A.2d 1194 (1980). The transcript made of the April 14, 1980 settlement negotiations sets forth eleven paragraphs. Several of the paragraphs are specific. However, paragraph eight states that "Any dispute which may arise between the parties relative to the terms here and above set forth shall be referred to the court for resolution." The instant case involves a complicated matter and although the April 14, 1980 transcript sets forth several terms or conditions, the aforesaid paragraph indicates to us that the said conditions did not constitute a full and final settlement of the entire matter. Since it is apparent that there are several undetermined matters, which had not been resolved at said settlement conference and because it is difficult for us to understand what should be enforced, we are remanding this case to the court below because we cannot hold that the proposed settlement negotiations constituted a full and final order from which an appeal could be taken pursuant to *Pa.R.App. Pro. 341 and 311*, and as such the appeal is interlocutory.

Orders of the court below dated April 28, 1980 and July 22, 1980 striking the lis pendens and refusing to enforce the settlement agreement of April 14, 1980 are affirmed; the appeals are further remanded to the court below for trial on the merits.