## Denooyer v. Lehman Pike Development Corp.

C.P. of Pike County, no. 600-1991-Civil.

*Charles R. Pedri,* for plaintiffs.
*Bruce L. Morgan,* for defendant Lehman Pike Devel.
*Jonathan Mark,* for defendant R.K.R. Hess Assoc.
*Richard E. Deetz,* for defendant Broadmoor Custom Homes.

THOMSON, *J.,* May 13, 1996—This opinion addresses the merits of defendant R.K.R. Hess Associate's petition to enforce settlement agreement. The remaining defendants joined R.K.R. Hess's petition. This matter was scheduled for a non-trial on January 15, 1996. On that date, the parties apparently reached a settlement agreement and no trial was held. Since that date, plain-

tiffs, Denooyers, have denied that a settlement was reached. On April 16, 1996 we held an evidentiary hearing on defendants' petition. The parties have submitted briefs and the matter is now ripe for adjudication.

## FINDINGS OF FACT

(1) On April 30, 1991, plaintiffs commenced this action by filing a writ of summons.

(2) On June 25, 1991, plaintiffs filed a five count complaint against Lehman Pike Development Corporation, R.K.R. Hess, Broadmoor Custom Homes Inc.

(3) The complaint sought damages allegedly sustained from environmental problems with their lot, including alleged wetlands violations, and faulty construction of their home.

(4) On December 2, 1993, plaintiffs amended their complaint to add a sixth count against Lehman Pike under the Interstate Land Sales Act.

(5) All parties filed answers and Broadmoor included a counterclaim seeking money due for construction of the house.

(6) On December 5, 1995, R.K.R. Hess filed a motion for summary judgment seeking dismissal of counts two (professional negligence) and three (third party beneficiary recovery) of plaintiffs' complaint.

(7) On January 4, 1996, we entered an order dismissing the professional negligence count and denying the request to dismiss the third party beneficiary recovery count.

(8) This matter was called for a non-jury trial on January 15, 1996.

(9) On January 15, 1996, all parties appeared or were represented at trial.

(10) The Denooyers were present at trial with counsel.

(11) Before the trial began, the parties engaged in approximately three hours of negotiation.

(12) In chambers, the attorneys reported certain agreements to the court which were as follows:

"(1) The defendants agreed to pay the Denooyers a total of $45,000. The contribution from each party was:

"(i) Lehman Pike = $28,000

"(ii) R.K.R. Hess = $10,000

"(iii) Broadmoor = $7,000

"(2) R.K.R. Hess's $10,000 was to be paid in 10 consecutive monthly installments of $1,000.

"(3) The Denooyers were to receive a $6,000 credit or forgiveness from Lehman Pike for sewer, water, road, and development (homeowners) assessment, fees, and dues. This credit was not transferable by the Denooyers but was binding on Lehman Pike, its successors and assigns.

"(4) The Denooyers agreed not to publicly state any complaints, grievances, or negative opinions about Lehman Pike with respect to issues or matters involved in this case or arising prior to the settlement. Three thousand dollars of Lehman Pike's cash payment was to be held for two years to secure this aspect of the settlement.

"(5) All parties agreed that the settlement was confidential.

"(6) Settlement was to be considered as a compromise of disputed claims and not an admission of liability by any settling party.

"(7) Broadmoor and the Denooyers agreed to submit their construction dispute to arbitration.

"(8) The settlement was to be memorialized in a written settlement agreement to include general releases and a record dismissal of the action."

(13) On January 15, 1996, at the conclusion of their extensive negotiations, the attorneys did not place any of the alleged agreements on the record.

(14) At the conclusion of the negotiations, the Denooyers were not aware that R.K.R. Hess's settlement amount of $10,000 was to be paid in 10 monthly installments of $1,000.

(15) The Denooyers did not understand the full extent of the negotiations concerning confidentiality of the agreement, and they did not agree to give up any of their First Amendment rights to free speech.

(16) The Denooyers and their attorney believed that the entire settlement agreement was contingent upon the plaintiffs' acquisition of a release from the relevant administrative agencies from enforcement of any alleged wetlands violations.

## CONCLUSIONS OF LAW

(1) The method of payment of R.K.R. Hess's money was a material term to be agreed upon by the parties.

(2) The confidentiality clause was a material term to be agreed upon by the parties.

(3) The acquisition or non-acquisition of a release from the relevant administrative agencies from enforcement of wetlands violations was a material term to be agreed upon by the parties.

(4) The Denooyers did not grant their attorney authority to agree to R.K.R. Hess's method of payment, the confidentiality clause, or to a settlement agreement devoid of a release from prosecution by the relevant administrative entities.

(5) All the material terms of the alleged settlement agreement were not agreed upon on January 15, 1996.

(6) The facts of this case do not estop the Denooyers from denying that an enforceable settlement agreement was reached.

(7) No enforceable settlement agreement was formed on January 15, 1996.

## DISCUSSION

The applicable rules of law are set forth in *Miller v. Clay Township,* 124 Pa. Commw. 252, 555 A.2d 972 (1989) as follows:

"Judicial policy favors the settlement of lawsuits and in the absence of fraud and mistake the courts will enforce an agreement to settle a legal dispute. *Greentree Cinemas Inc. v. Hakim,* 289 Pa. Super. 39, 432 A.2d 1039 (1981). Also see, *Manzitti v. Amsler,* 379 Pa. Super. 454, 550 A.2d 537 (1988) and *School District of Philadelphia v. Framlau Corp.,* 15 Pa. Commw. 621, 328 A.2d 866 (1974). Principles of contract law govern the enforceability of settlement agreements. See *Century Inn Inc. v. Century Inn Realty Inc.,* 358 Pa. Super. 53, 516 A.2d 765 (1986); *Framlau Corp.* If all the material terms of the bargain are agreed upon, the agreement of settlement will be enforced. *Century Inn Inc.* An agreement will be considered sufficiently definite and enforceable if the parties intended to make a contract and there is a reasonably certain basis upon which the court can grant a proper remedy. *Greene v. Oliver Realty Inc.,* 363 Pa. Super. 534, 526 A.2d 1192 (1987), *appeal denied,* 517 Pa. 607, 536 A.2d 1331 (1987). However, ambiguities and undetermined matters which render a settlement agreement impossible to understand and enforce require that the agreement be set aside and the

matter remanded for a trial on the merits. *Greentree."* *Id.* at 255-56, 555 A.2d at 973-74.

The Denooyers assert that they were not fully informed of and therefore did not agree to R.K.R. Hess's method of payment, and the confidentiality clause. More importantly, the Denooyers claim that they believed that the entire settlement was contingent upon the obtaining of a release from certain federal and Pennsylvania administrative agencies from further prosecution for alleged wetlands violations. The defendants all assert that the contingency was never discussed during negotiations, was not made a part of the settlement agreement, and was only raised by the Denooyers after final settlement had been reached.

We must agree with the Denooyers' position that no final settlement had been reached. The *Miller* court held that where a material term of a settlement is not agreed upon, there is no enforceable agreement of settlement. *Id.* at 256-57, 555 A.2d at 974. R.K.R. Hess's method of payment of its settlement amount, the confidentiality clause, and the acquisition of a release from the federal and Pennsylvania administrative agencies were material terms to be agreed upon. The April 16, 1996 evidentiary hearing on R.K.R. Hess's petition revealed that the Denooyers neither agreed to these material terms nor granted their attorney authority to agree to the terms.

Defendants also argue that the Denooyers' acceptance of benefits flowing from the settlement ratifies their attorney's actions. Where a client "does not attempt to repudiate immediately the authority of his counsel to enter into a settlement, but rather accepts the benefits flowing from the settlement, he ratifies the act of the attorney and will not be later heard to claim that his attorney acted without authority." *Greentree Cinemas*

*Inc. v. Hakim,* 289 Pa. Super. 39, 43, 432 A.2d 1039, 1041 (1981), quoting *Appeal of Scott Township,* 31 Pa. Commw. 505, 377 A.2d 826 (1977); see also, *Yarnall v. Yorkshire Worsted Mills,* 370 Pa. 93, 96, 87 A.2d 192, 193 (1952); Restatement (Second) of Agency §94 (1958) ("An affirmance of an unauthorized transaction can be inferred from a failure to repudiate it.")

The defendants assert that the Denooyers received gate passes to their development and a credit towards their homeowners' fees. However, six days after the settlement negotiations in court, the Denooyers wrote to the court expressing their disgust with the whole negotiation process and their disagreement with the terms of the alleged settlement.

Additionally, the testimony at the evidentiary hearing revealed that the Denooyers initially rejected these benefits, evidencing a repudiation of the settlement. The benefits were reluctantly accepted only after their attorney persuaded them to do so. By opposing the defendants' petition to enforce, the plaintiffs have reaffirmed their repudiation of their attorney's authority to enter into the settlement agreement.

Finally, the Denooyers are not equitably estopped from challenging the validity of the settlement agreement. "The two essential elements of equitable estoppel are inducement and justifiable reliance on that inducement. . . . [T]he acts that are induced may be by commission or forbearance provided that a change in condition results causing disadvantage to the one induced." *Tiernan v. Devoe,* 923 F.2d 1024, 1038 (3d Cir. 1991), quoting *Novelty Knitting Mills Inc. v. Siskind,* 500 Pa. 432, 436, 457 A.2d 502, 503-504 (1983). As a result of our ruling in this case, the defendants are in no worse position than they were before the settlement

negotiations. Therefore, we reject defendants' equitable estoppel argument.

## ORDER

And now, May 13, 1996, upon consideration of defendant R.K.R. Hess Associates' petition to enforce settlement, which all defendants have joined, plaintiffs' answer and new matter, R.K.R. Hess Associates' reply to plaintiffs' answer and new matter, briefs filed thereto, evidentiary hearing and argument held thereon, defendants' petition is hereby denied.

Accordingly, the prothonotary is hereby directed to list this matter for the July trial term of court before a judge to be assigned.