## Peterson v. Ratasiewicz

C.P. of Delaware County, no. 97-16440.

*Michael J. Flanagan,* for plaintiffs.

*A. Richard Patete Jr.,* for defendants.

*Thomas P. Halfpenny,* for additional defendant Campana.

*Jeffrey P. Lewis,* for additional defendant Schrom.

BURR II, *J.,* August 7, 2000—Defendants Joseph A. Ratasiewicz, Esquire, and the law firm of Ratasiewicz & Associates appeal from the order granting the additional defendant Gerald K. Schrom, Esquire's petition to enforce settlement and awarding attorneys' fees and costs.[1]

Plaintiffs instituted this action upon a theory of legal malpractice founded upon defendants' representation in a motor vehicle negligence lawsuit. The underlying negligence action by plaintiffs was settled without obtaining the prior consent of Allstate Insurance Co., which had issued uninsured motorist's insurance for the vehicle in which plaintiff was injured. The defendant Schrom was joined as an additional defendant because he had been a partner in the Ratasiewicz firm. The additional defendant, Lois M. Campana, was joined because she was an "independent contractor" for the Ratasiewicz firm. A panel of arbitrators concluded that plaintiffs were ineligible to the awarded uninsured motorist's benefits because the defendants had violated a "consent to settle" provision in the insurance policy. A petition to vacate that decision was denied in the Court of Common Pleas of Chester County, Pennsylvania and that decision was affirmed by the Pennsylvania Superior Court. *Peterson*

---

1. The Honorable Clement J. McGovern Jr. was formerly the judge to whom the above-captioned matter was assigned. Judge McGovern entered the order upon which this appeal is based and contributed to the drafting of this opinion. He has since retired and this opinion has been completed and filed by the undersigned judge.

*v. Northbrook Property & Casualty Insurance Company,* 455 Pa. Super. 664, 686 A.2d 1371 (1996).

The subsequent legal malpractice action was scheduled for trial June 14, 1999, but on June 4, 1999, defendants offered to settle the matter by paying $10,000. (Exhibit S-17.) A settlement agreement was entered into, following some negotiations, requiring the defendants to pay plaintiffs the sum of $15,000 in installments; the execution of mutual releases by all parties; and the payment of $500 by Ms. Campana. Mr. Schrom was to pay $2,000 to plaintiffs. There was to be provision for confidentiality, and the malpractice action was to be discontinued when all sums had been paid. A letter from plaintiffs' counsel memorializing the settlement terms as they applied to defendants Ratasiewicz was written June 9, 1999, the concluding paragraph of which reads: "[I]f you disagree with any of the contents of this letter, please contact me immediately. Otherwise, I will be in touch as the afternoon progresses." (Exhibit S-3.)

The trial court was telephonically advised June 11, 1999, at 9:45 a.m. (three days before trial), that a settlement agreement had been entered. Plaintiffs' counsel followed up with a letter advising the court of that settlement. (Exhibit S-5.) That letter indicated that courtesy copies had been sent to all parties. The malpractice action was therefore removed from this court's trial list without objection from any party. A release and settlement agreement was sent to counsel for defendants. (Exhibits S-7 and S-8.) Defendants Ratasiewicz refused to sign the aforesaid agreement for seven weeks thereafter, despite repeated requests. No objection to language or content was made. Then, by letter dated August 20, 1999, counsel for defendants Ratasiewicz advised plaintiffs' counsel:

"I have been advised that Mr. Peterson was working at the time of his disability, made representations to the court and SWIF that he was not working, and was working while using his son's social security number. Based on this newly discovered evidence and other information, my client is not willing to settle the personal injury matter . . . ." (Exhibit S-13.)

There is, in that letter, neither comment nor objection to any term or provision of the written release and settlement agreement. Additional defendant Schrom filed a petition to enforce settlement and the remaining parties joined in that petition.

This court, following a hearing which defendant Ratasiewicz did not attend, entered an order finding in favor of plaintiffs and additional defendants and against defendants Ratasiewicz, awarding interest from August 1999, together with attorneys' fees and costs. Defendants Ratasiewicz appealed, filing a "stream of consciousness" statement instead of that mandated by Pa.R.A.P. 1925(b). Defendants Ratasiewicz seem to raise on appeal issues contending that: fraudulent conduct by plaintiffs and their attorney vitiated any settlement agreement; no valid settlement agreement was reached; and there was a unilateral mistake by defendants Ratasiewicz as to a material term of the agreement. It may be noted, at this point, that counsel for defendants Ratasiewicz at the hearing before this court also claimed that the settlement was a nullity because it did not resolve cross-claims. Since this allegation appears nowhere in defendants' argument in opposition to the petition, nor in defendants' closing arguments submitted to this court, nor in the "concise statement," the issue must therefore be deemed waived. Pa.R.C.P. 227.1; *Frank v. Peckich,* 257 Pa. Super. 561,

391 A.2d 624 (1978); Pa.R.A.P 302. It is also noted that defendants' "concise statement" raised no issue concerning the award of attorneys' fees and costs. This issue must also be deemed waived for the same reasons.

## VALIDITY OF THE SETTLEMENT AGREEMENT

Ratasiewicz argues that since the release was never executed, and since Ratasiewicz was mistaken about the terms of the agreement, there was therefore no settlement. There is no dispute that the release was not executed by Ratasiewicz. Ratasiewicz contends that he was unaware of the confidentiality provision, also inserted in the written agreement and referred to in the correspondence. Ratasiewicz also contends that there was no discussion concerning settlement of cross-claims. This latter contention, however, does not appear in appellants' "concise statement" and therefore is not an appellate issue. It would be most surprising if the additional defendants' contribution to the settlement had not been discussed and resolved prior to the parties' request that the trial be discontinued. Ratasiewicz did not repudiate the confidentiality clause nor the provisions for contribution by the additional defendants in the August 20, 1999 letter (exhibit S-13) to plaintiffs' counsel. Indeed, in that letter, Ratasiewicz assumes the existence of a valid contract and suggests that it be voided because of the alleged fraud by plaintiffs.

It is also surprising to see defendants' contention that the malpractice action was "never intended to be removed from the trial list." (Concise statement paragraph 6.) This court received no word of concern when the trial was removed from its list. This court received no indication of concern from defendants Ratasiewicz about the settle-

ment or its terms, or its state of completeness. The first indication of dissatisfaction was received in response to the petition to enforce settlement. Regretfully, Ratasiewicz's silence undermines his appellate contentions, as it did his position as to the settlement that was articulated by his attorney at the hearing on the petition.

Plaintiffs presented unrebutted testimony at the hearing for this matter clearly indicating the occurrence of settlement negotiations and verbal agreement concerning the final settlement of $15,000 as to Ratasiewicz. The timing for payments of this sum was likewise verbally agreed to by plaintiffs' counsel and defendants Ratasiewicz. (Exhibit S-3.) Plaintiffs' counsel at the hearing testified that the June 9 letter did not refer to confidentiality because the plaintiffs had no concern as to that. Rather, counsel for additional defendants raised that issue while discussing the monetary concerns. Plaintiffs' counsel also indicated that he had advised Ratasiewicz's counsel of the settlement figures and the confidentiality provision. Plaintiffs' counsel testified that Ratasiewicz's counsel indicated there was no problem with either the monetary settlement or the confidentiality provision. Plaintiffs' counsel's letter of June 11, 1999, (exhibit S-3) makes clear reference to confidentiality. There was neither repudiation nor objection to that latter letter. Nor did Ratasiewicz object to any of the terms contained within the written release sent to him on June 28, 1999. The confidentiality provision was set forth in great detail on page 2 of the release which formalized the parties' oral settlement agreement. Ratasiewicz simply raised, on August 20, 1999, the allegation of plaintiffs' fraud. (Exhibits S-7, S-8, S-13.)

Neither the defendants Ratasiewicz nor their attorney have ever denied receiving a copy of the release and

settlement agreement. They claim only that it was not executed. They acknowledge its receipt. (Letter June 11, 1999; exhibit S-5.) Indeed, Ratasiewicz's letter of August 20, 1999, (exhibit S-13) simply expressed a desire to withdraw from the settlement agreement.

The settlement of lawsuits is favored, and in the absence of fraud or mistake, courts will enforce an oral or a written agreement to settle a legal dispute. *Greentree Cinemas Inc. v. Hakim,* 289 Pa. Super. 39, 432 A.2d 1039 (1981). Also see *Manzitti v. Amsler,* 379 Pa. Super. 454, 550 A.2d 537 (1988) and *School District of Philadelphia v. Framlau Corp.,* 15 Pa. Commw. 621, 328 A.2d 866 (1974). Principles of contract law govern the enforceability of settlement agreements. *Century Inn Inc. v. Century Inn Realty Inc.,* 358 Pa. Super. 53, 516 A.2d 765 (1986). The agreement of settlement will be enforced so long as the material terms of the bargain are agreed upon. *Century Inn Inc. v. Century Inn Realty Inc., supra.* Where parties intend to make a contract and there is a reasonably certain basis upon which the court can grant a remedy, then an agreement will be considered sufficiently definite and enforceable. *Greene v. Oliver Realty Inc.,* 363 Pa. Super. 534, 526 A.2d 1192 (1987), *appeal denied,* 517 Pa. 607, 536 A.2d 1331 (1987). If a material term of the settlement is not agreed upon then, of course, there is no enforceable agreement of settlement. *Miller v. Clay Township,* 124 Pa. Commw. 252, 256, 555 A.2d 972, 974 (1989). A confidentiality clause has been held to be a material term in such agreements. *Denooyer v. Lehman Pike Development Corp.,* 32 D.&C.4th 351 (1996). The affirmance of an unauthorized transaction may be inferred from a failure to repudiate it. *Denooyer v. Lehman Pike Development Corp., supra;* Restatement

(Second) of Agency, section 94 (1958). A unilateral mistake which is not caused by the party not mistaken, but rather due to the negligence of one now claiming the mistake, affords no basis for relief from an agreement. *Kramer v. Schaeffer,* 751 A.2d 241 (Pa. Super. 2000).

This record is clear that Ratasiewicz not only had knowledge of the oral settlement agreement, including the terms of confidentiality and the amount of settlement, but Ratasiewicz also had ample opportunity to repudiate, deny or amend it. He did nothing. Objection only came from that defendant at the time of the instant petition. Ratasiewicz has therefore failed to carry the burden of demonstrating lack of knowledge concerning the provisions in question, since Ratasiewicz did not refute any term of the oral settlement agreement or of the memorialization thereof set forth in the written release. Ratasiewicz simply wished to avoid the agreement and thereby admits the existence of an agreement which must exist before it can be avoided! There is ample support within this record for the trial court's conclusion that there was an enforceable oral settlement agreement.

It was for all of the foregoing reasons that this court determined that Ratasiewicz failed to provide sufficient proof to support the contention that the settlement agreement was unenforceable, or that there was any unilateral mistake sufficient to set aside the agreement.

## FRAUD

Ratasiewicz argues that plaintiff, Robert Peterson, committed fraud by collecting workers' compensation benefits while still working and by using the social security number of his son. Defendants offer nothing but bald assertions to support this contention. Defendant

Ratasiewicz seeks an inference of that fraud by the withdrawal of Mr. Peterson's workers' compensation attorney from representation. (Exhibits R-1 to R-3.) Defendants complain that they were not able to depose Mr. Peterson but neither did defendants seek to obtain other discovery such as Mr. Peterson's work status from other sources. Indeed, Ratasiewicz admitted to having been informed a year prior to his deposition that Robert Peterson had been working, and "that he had a job" during the time he was collecting workers' compensation benefits. (Exhibit S-15, p. 185.) Mr. Ratasiewicz was specifically asked, "Is there anything that you were privy to that you have knowledge of that in any way indicates that Robert Peterson's claims have not been legitimate and that he has not been honest?" (Exhibit S-15, p. 184.) How can defendants now claim newly discovered evidence of fraud?

The court found, and continues to believe, that Ratasiewicz's continued argument concerning "unclean hands" on the part of plaintiffs and their lawyer is founded upon allegation only, and that the record does not support a fair conclusion that plaintiffs' conduct is sufficient to bar any settlement agreement, especially in light of Mr. Ratasiewicz's sworn deposition testimony indicating that he had known for at least a year that Mr. Peterson was collecting workers' compensation benefits while working. Defendants Ratasiewicz have simply failed to meet their burden of establishing that plaintiffs and their attorney conducted themselves in such a manner as would shock the conscience of this court, or that they were under a unilateral mistaken belief concerning plaintiff's conduct such as would necessitate an avoidance of the settlement agreement. *Fumo v. Redevelop-*

*ment Authority of Philadelphia,* 115 Pa. Commw. 542, 541 A.2d 817 (1988); *Kramer v. Schaeffer, supra.*

A settlement agreement will not be set aside absent a clear showing of fraud, duress or mutual mistake. *McDonnell v. Ford Motor Co.,* 434 Pa. Super. 439, 643 A.2d 1102 (1994); *Rago v. Nace,* 313 Pa. Super. 575, 460 A.2d 337 (1983). The court must be satisfied that its conclusions are founded upon competent evidence. *Yaros v. Trustees of the University of Pennsylvania,* 742 A.2d 1118 (Pa. Super. 1999). The successful party is entitled to have the evidence reviewed in a light most favorable to him, and all such evidence must be taken as true, and any unfavorable inferences to the successful party, rejected. *Yaros v. Trustees of the University of Pennsylvania, supra.* A trial court's decision will not be overturned on appeal unless its factual findings were capricious or against the weight of the evidence. *Yaros v. Trustees of the University of Pennsylvania, supra.*

The trial court's review of the record and the applicable law convinced it that there was an enforceable oral settlement agreement and that defendants Ratasiewicz have failed to produce any basis whereby they can avoid the provisions of that settlement agreement. This court concluded, following the evidentiary hearing, that the settlement agreement in question is valid, binding on all parties, and should not be set aside. *McDonnell v. Ford Motor Co., supra.*

It is for all of the foregoing reasons that this court decided in favor of the plaintiffs and the additional defendants and against defendants Ratasiewicz. It is respectfully suggested that this ruling was appropriate, supported by evidence, law, and justice, and should therefore not be set aside.