## DiPaulo v. MacGregor

244

*William H. Robinson Jr.,* for plaintiff.
*David Andrew Tornetta,* for defendant.

CHESLOCK, *J.,* April 18, 2007—Plaintiff, Susan DiPaulo, commenced this action on October 31, 2005 by filing a complaint against defendant, Norman MacGregor, seeking equitable relief in the nature of partition of a property jointly owned by plaintiff and defendant. This matter was scheduled for a hearing and the hearing was held before this court on July 19, 2006. After the court had recessed for a lunch break during the scheduled hearing, the parties advised the court that they had reached a settlement in this matter. The parties placed the settlement on the record as follows:

"Mr. Tornetta: I believe we've reached a settlement, your honor.

"The Court: I was wondering why it couldn't get settled before today, but go ahead.

"Mr. Tornetta: Jeff.

"Mr. Worthington: Your honor, for final settlement of this action, the defendant, Norman MacGregor, will make payment to plaintiff in the amount of $44,000.

"The Court: $44,000?

"Mr. Worthington: $44,000, in exchange for sole title to the premises, settlement to be within 90 days of today?

"The Court: Anything else?

"Mr. Tornetta: Yes, your honor. If the settlement is not made within the 90-day period or the money is not transferred to plaintiff, then there will be a 50/50 split of the property. And the house in the rear lot will be deeded to Susan DiPaulo, and the other two side lots will be deeded to Norman MacGregor. Now, also, plaintiff—we've agreed that certain personal belongings and furnishings in the house would be available to Mrs. DiPaulo for her to take out of the property. We just would like to have a list of those things on the record. This way there will be no dispute later on down the road.

"Mr. Worthington: Which list we have not had a chance to make. The furnishings, not the fixtures, in the living room, dining room, bathrooms and kitchen.

"Mr. Tornetta: Can they submit a list later, your honor? We have no objection to it. I'm just trying to ease the pain here.

"Mr. Worthington: It might be easier if we make up an itemized list and submit it as part of an exhibit for settlement.

"The Court: All right. And the settlement hopefully is to occur within the next 90 days?

"Mr. Worthington: Yes.

"The Court: If it doesn't occur, somebody will have to petition the court for further action if something doesn't go according to the plan.

"Mr. Worthington: Well, if the settlement doesn't occur within 90 days—

"The Court: Then the 50/50 is a lock.

"Mr. Worthington: Yes. Either party will petition the court to enforce the—

"The Court: And at some point, someone will have to mark the case settled and discontinued.

"Mr. Tornetta: Yes, sir.

"Mr. Worthington: Yes.

"The Court: Well, I'm glad the parties were able to come to a settlement on their own before we started. There were different possibilities, and it could have been that the final decision in this matter wouldn't have been good for either or both parties. So to fashion your own settlement is a lot better than what the court would do or either party wanted to happen. We'll end it there.

"Mr. Tornetta: May I be excused, your honor?

"The Court: Yes.

"(Proceedings concluded.)"

On November 20, 2006, the defendant filed a petition to enforce settlement agreement. On February 20, 2007, the defendant filed a motion for hearing on his petition to enforce settlement agreement. We held a hearing on April 4, 2007, and we are now prepared to dispose of this matter.

Under Pennsylvania law, it is well established that "enforceability of settlement agreements is [determined according to the] principles of contract law." *Mazzella v. Koken,* 559 Pa. 216, 224, 739 A.2d 531, 536 (1999). To be enforceable, a settlement agreement must contain all the necessary elements of a contract.[1] *Id.* When all of the material terms are agreed upon, Pennsylvania courts will enforce the settlement. *Id.* at 225, 739 A.2d at 537. Furthermore, a settlement agreement "will be considered sufficiently definite and enforceable if the parties intended to make a contract and there is a reasonably certain basis upon which the court can grant a proper remedy." *Miller v. Clay Township,* 124 Pa. Commw. 252, 256, 555 A.2d 972, 974 (1989). (citations omitted) Additionally, it is essential to the enforceability of a contract if the minds of the parties meet upon all the terms of the agreement. *Mazzella, supra* at 224, 739 A.2d at 536. Furthermore, since the agreement was placed upon the record in an oral manner, we must determine whether there is an oral agreement regarding settlement in this matter. To establish the existence of an oral contract, (1) one must show once that both parties have manifested an intent to be bound by the terms of the agreement; (2) the terms of the agreement are sufficiently definite to be enforced; and (3) there is mutuality of consideration. *Reddick v. Kraft Inc.,* 745 F. Supp. 296 (E.D. Pa. 1990). (citation omitted) The existence of the terms of an oral

---

1. The necessary elements of a contract are (1) whether both parties have manifested an intent to be bound by the terms of the agreement; (2) whether the terms are sufficiently definite; and (3) whether consideration exists. *Johnston the Florist Inc. v. Tedco Construction Corporation,* 441 Pa. Super. 281, 291, 657 A.2d 511, 516 (1995).

contract must be established by clear and precise evidence. *Id.*

Instantly, we find that both parties manifested an intent to be bound by the terms of the agreement which was read in open court. Because the parties set forth their settlement in open court, we find that it is unnecessary to evaluate the settlement agreement to determine if all the necessary elements of a contract are present. We make this finding because the parties in open court set forth the terms of the settlement to the court which were agreed to by the parties. Therefore, relying on both the plaintiff's and defendant's acceptance of the terms of the settlement agreement, we conclude that a valid and enforceable agreement exists between the parties and should be enforced. Pursuant to the terms of the settlement reached between the parties on July 19, 2006, the defendant agreed to make payment to plaintiff in the amount of $44,000 in exchange for sole title to the premises, settlement to be within 90 days of that date. Although the parties argue over who did not comply with the terms of the agreement, the agreement itself is clear that if settlement is not made within the 90-day period or money is not transferred to the plaintiff, then there will be 50/50 split of the property. According to the terms of the settlement agreement, we determined that the house and the rear lot will be deeded to the plaintiff and the other two side lots will be deeded to the defendant. Furthermore, the personal belongings and furnishings within the house will be the property of plaintiff, including the ATV to which plaintiff testified. Thus, we conclude that a valid, enforceable and binding agreement existed between the parties and, therefore, we shall grant the defendant's petition to enforce settlement agreement.

Accordingly, we enter the following order:

## ORDER

And now, April 18, 2007, defendant Norman Mac-Gregor's petition to enforce settlement agreement is hereby granted. The house and the lot containing the house shall be deeded to the plaintiff and the two remaining lots shall be deeded to the defendant. The parties are hereby directed and ordered to prepare and sign the necessary documents to accomplish this transfer within 45 days of the date of this order. It is further ordered that the ATV be returned to plaintiff.