J-A24038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

JOHN HASTINGS, MATTHEW ROSSI, PHIL DIGIACOMO, BRIAN BLAIR AND JOHN LEICHNER,

Appellees

v.

COS HOMES CORPORATION, ROBERT FOLEY, VINCENT W. BEBB, EDWARD MCGAHAN AND ANDREA D. D'ALLESSIO T/A COS HOMES, L.P.,

Appellants

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 417 EDA 2014

Appeal from the Order Entered December 26, 2013
in the Court of Common Pleas of Bucks County
Civil Division at No.: 2009-09369

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 06, 2014**

Appellants, COS Homes Corporation, Robert Foley, Vincent W. Bebb, and Andrea D. D'Allessio T/A COS Homes, L.P.,[1] appeal from the order entering judgment in favor of Appellees, John Hastings, Matthew Rossi, Phil DiGiacomo, Brian Blair, and John Leichner, on their petition to enforce settlement agreement. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Edward McGahan is listed in the caption as an Appellant, he is not a party to this appeal.

On September 2, 2009, Appellees commenced this action by filing a praecipe for writ of summons. On September 11, 2009, Appellees placed a *lis pendens* on the property subject to the dispute. Appellees alleged that Appellants and Edward McGahan defaulted on a loan Appellees made to them in connection with a real estate transaction and development.

On January 27, 2012, Appellees, Appellants, and McGahan reached a counseled settlement agreement. Relevant to our disposition, the settlement agreement provided:

> 1. Within fourteen (14) days from the date that [Appellants and McGahan] receive[] a fully executed copy of this Agreement, [Appellants and McGahan] shall deliver to [Appellees], by and through [Appellees'] attorney, Mark C. Clemm, Esquire, a check in the amount of Sixty Thousand Dollars ($60,000.00) reflecting the amount of the settlement between the parties.
>
> 2. In order to facilitate this payment, upon full execution of this Agreement, [Appellants and McGahan] shall present a copy of this Agreement to CoreStates Capital Advisors, LLC, which shall use its best efforts to immediately release the funds held in the name of Carole McGahan in an account designated Schwab Money Market Fund from any lien or attachment in favor of [Appellees]. A portion of said funds shall be paid to [Appellees] within the time limits set forth in Paragraph 1, hereinabove.

(Settlement Agreement, 1/27/12, at 1-2 ¶¶ 1, 2).

On or about February 21, 2012, McGahan and his wife, Carole McGahan, filed bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Appellees are unsecured creditors in the bankruptcy.

On April 9, 2013, Appellees filed a petition to enforce settlement agreement against Appellants and McGahan. On April 19, 2013, Appellees filed an amended petition seeking enforcement only as to Appellants. On June 3, 2013, Appellants filed a response.[2] On December 26, 2013, the trial court granted Appellees' amended petition and entered judgment in their favor and against Appellants in the amount of $60,000.00 plus attorneys' fees. Appellants timely appealed.[3]

Appellants raise four questions for our review:

> I. Did the [trial c]ourt abuse its discretion and/or err as a matter of law in entering an order granting Appellees' Petition to Enforce Settlement Agreement against Appellants where the terms of the Settlement Agreement unambiguously provided that the settlement was to be funded through payment by defendant Edward McGahan, a defendant in the underlying action but against whom no relief was sought in Appellees' Petition to Enforce Settlement Agreement?

> II. Did the [trial c]ourt abuse its discretion and/or err as a matter of law when it granted Appellees' Petition to Enforce Settlement Agreement despite the fact that no court order had been entered approving the Settlement Agreement and Appellees failed to file a separate breach of contract action?

---

[2] The response indicates that it was filed on behalf of Appellant, Andrea D'Allessio. (**See** Answer to Petition to Enforce Settlement Agreement, 6/03/13, at 1, 3 (identifying counsel as representing Appellant, Andrea D'Allessio)). However, both the answer's language and the docket make clear that the attorneys who filed the response represent all Appellants, and the document was filed on their behalf. (**See id.** at 1-3; Bucks County Docket, Case No. 2009-09369, at 1).

[3] Appellants filed a timely Rule 1925(b) statement of questions on appeal on February 24, 2014 pursuant to the court's order. The court filed a Rule 1925(a) opinion on April 7, 2014. **See** Pa.R.A.P. 1925.

III. Did the [trial c]ourt abuse its discretion and/or err as a matter of law in entertaining Appellees' Petition to Enforce Settlement Agreement prior to conclusion of bankruptcy proceedings filed by Edward McGahan, a named defendant in the underlying action and a party to the Settlement Agreement, where Appellees are named unsecured creditors in the bankruptcy proceedings because of the debt owed to them by McGahan under the Settlement Agreement?

IV. Did the [trial c]ourt abuse its discretion and/or err as a matter of law when it issued an order entering judgment against Appellants but not against defendant Edward McGahan, where defendant Edward McGahan was a party to the Settlement Agreement and a named defendant in the underlying action?

(Appellants' Brief, at 4).

All of Appellants' issues challenge the court's grant of Appellee's motion to enforce the settlement agreement. Our standard of review of this matter is well-settled:

Our standard of review of a trial court's grant or denial of a motion to enforce a settlement agreement is plenary, as the challenge is to the trial court's conclusion of law. We are free to draw our own inferences and reach our own conclusions from the facts as found by the trial court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence.

*Casey v. GAF Corp.*, 828 A.2d 362, 367 (Pa. Super. 2003), *appeal denied*, 844 A.2d 550 (Pa. 2004) (citation omitted). "The enforceability of settlement agreements is determined according to principles of contract law." *Step Plan Services, Inc. v. Koresko*, 12 A.3d 401, 408 (Pa. Super. 2010) (citation omitted).

- 4 -

Here, in Appellants' first issue, they argue that "[t]he [trial] [c]ourt erred by enforcing the Settlement Agreement against Appellants." (Appellants' Brief, at 13). Specifically, they claim that the court erred in enforcing the agreement "where [t]he terms of the Settlement Agreement unambiguously provided that the Settlement was to be funded through payment by . . . Edward McGahan, a defendant in the underlying action, but against whom no relief was sought in Appellees' petition to enforce settlement agreement." (*Id.* at 11 (underlining and most capitalization omitted)). This issue lacks merit.

"Generally, an event mentioned in a contract will not be construed as a condition precedent unless expressly made such a condition." ***West Dev. Group, Ltd. v. Horizon Fin., F.A.***, 592 A.2d 72, 76 (Pa. Super. 1991 (citation omitted). In this case, the Settlement Agreement contained the following pertinent language:

> . . . . In order to facilitate this payment, upon full execution of this Agreement, [Appellants and McGahan] shall present a copy of this Agreement to CoreStates Capital Advisors, LLC, which shall use its best efforts to immediately release the funds held in the name of Carole McGahan in an account designated Schwab Money Market Fund from any lien or attachment in favor of [Appellees]. A portion of said funds shall be paid to [Appellees] within the time limits set forth in Paragraph 1, hereinabove.

(Settlement Agreement, 1/27/12, at 2 ¶ 2).

The Settlement Agreement does not state that the fulfillment of the terms of this paragraph was a condition precedent to Appellants' duty to pay Appellees. "Accordingly, we will not construe the language in that manner."

*West Dev. Group, Ltd.*, *supra* at 76 (citation omitted) (declining to find condition precedent where contract did not expressly state one).  Therefore, we conclude that the trial court did not err when it found that Appellants' obligation to pay Appellees under the Settlement Agreement was not conditioned on the source of the funds.  (*See* Trial Court Opinion, 4/07/14, at 5-6).  Appellants' first issue lacks merit.  *See Casey*, *supra* at 367.

In their second issue, Appellants argue that the trial court erred in granting Appellees' petition to enforce the Settlement Agreement because: 1. the agreement had not been entered as a court order; and 2. Appellees "failed to file a separate breach of contract action.  (Appellants' Brief, at 14) (capitalization omitted).  Appellants' issue does not merit relief.

> The law of this Commonwealth establishes that an agreement to settle legal disputes between parties is favored. There is a strong judicial policy in favor of voluntarily settling lawsuits because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant. If courts were called on to reevaluate settlement agreements, the judicial policies favoring settlements would be deemed useless.  Settlement agreements are enforced according to principles of contract law.  There is an offer (the settlement figure), acceptance, and consideration (in exchange for the plaintiff terminating his lawsuit, the defendant will pay the plaintiff the agreed upon sum).
>
> Where a settlement agreement contains all of the requisites for a valid contract, a court must enforce the terms of the agreement.

*Step Plan Serv.*, *supra* at 408-09 (citation omitted).

Here, the parties entered into a valid Settlement Agreement in which Appellants agreed to pay Appellees $60,000.00 in exchange for Appellees'

execution of a "praecipe to settle, discontinue and end the Civil Action." (Settlement Agreement, 1/27/12, at 2 ¶ 3; *see id.* at 1 ¶ 1, 2 ¶ 4). Therefore, there was an offer ($60,000.00), acceptance (Appellees signed the Settlement Agreement), and consideration (Appellees agreed to terminate the civil litigation in exchange for Appellants' payment). Accordingly, the trial court properly found that it was required to enforce the Settlement Agreement. *See Step Plan Serv.*, *supra* at 409. Thus, the first argument in support of this issue lacks merit.

In their second argument, Appellants claim that the trial court erred in granting Appellees' motion because they should have commenced a separate contract action to enable the court to receive evidence outside of the Settlement Agreement. (*See* Appellants' Brief, at 18). We conclude that this argument is not legally persuasive.

It is well-settled that:

> [a] fundamental rule in construing a contract is to ascertain and give effect to the intent of the contracting parties. It is firmly settled that the intent of the parties to a written contract is contained in the writing itself. **When words of a contract are clear and unambiguous, the meaning of the contact is ascertained from the contents alone.**

*Kmart of Pa., L.P. v. M.D. Mall Assoc., LLC*, 959 A.2d 939, 943-44 (Pa. Super. 2008), *appeal denied*, 980 A.2d 609 (Pa. 2009) (citation omitted; emphasis added); *see also Nevyas v. Morgan*, 921 A.2d 8, 15 (Pa. Super. 2007) (noting that a court "must construe a contract **only as written** and

- 7 -

may not modify the plain meaning under the guise of interpretation.") (citation omitted; emphasis added).

Only "where a settlement [agreement] is ambiguous rendering it impossible to understand and enforce, [will we] set aside the settlement agreement and remand the matter to the court below for a trial on the merits thereof." *Greentree Cinemas, Inc. v. Hakim*, 432 A.2d 1039, 1041 (Pa. Super. 1981) (citation omitted); *see also Step Plan Serv.*, *supra* at 409-10 ("The court might consider extrinsic or parol evidence to determine the parties' intent **only** where the language of the agreement is ambiguous.") (citation omitted; emphasis added).

Here, the court found that it could rule on Appellees' petition "rather than dismissing the case and forcing [Appellees] to file a separate action" where the parties "entered a valid settlement agreement, with clear terms imposing a $60,000.00 liability on [Appellants]." (Trial Ct. Op., at 4). We agree.

The Settlement Agreement's unambiguous terms provided that Appellants were obligated to pay Appellees within fourteen days, in exchange for Appellees' discontinuance of the litigation. (**See** Settlement Agreement, 1/27/12, at 1 ¶ 1, 2 ¶¶ 3-4). Appellants did not pay the $60,000.00 obligation. Therefore, the court properly granted Appellees' petition to enforce the Settlement Agreement based on its "clear and

unambiguous" terms. ***Kmart of Pa.***, ***supra*** at 944 (citation omitted); ***see also Nevyas***, ***supra*** at 15. Appellants' second issue does not merit relief.

In their third issue, Appellants argue that the trial court erred in deciding Appellees' petition before McGahan's bankruptcy proceedings, in which Appellees are named unsecured creditors, concluded. (***See*** Appellants' Brief, at 21). This issue does not merit relief.

Pursuant to Section 362(a)(1) of the United States Bankruptcy Code, a bankruptcy filing operates as an automatic stay of any "judicial, administrative, or other action or proceeding **against the debtor** that was or could have been commenced before the commencement of [the bankruptcy proceeding]." 11 U.S.C. § 362(a)(1) (emphasis added). "As a consequence, [i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor." ***McCartney v. Integra Nat. Bank North***, 106 F.3d 506, 509-10 (3d Cir. 1997)[4] (citations and internal quotation marks omitted). "Only the bankruptcy debtor . . . receives the benefit of an automatic stay of all proceedings in a Chapter 11 bankruptcy." ***First Union***

---

[4] We recognize that "decisions of federal district courts and courts of appeal, including those of the Third Circuit Court of Appeals, are not binding on Pennsylvania courts, even when a federal question is involved. [However,] [d]ecisions of the federal courts lower than the United States Supreme Court possess a persuasive authority." ***Martin v. Hale Products, Inc.***, 699 A.2d 1283, 1287 (Pa. Super. 1997) (citations omitted).

*Mortg. Corp. v. Frempong*, 744 A.2d 327, 336 (Pa. Super. 1999) (citing 11 U.S.C. § 362).

Appellants argue that, because McGahan is a partner in Appellant, COS Homes, L.P., there is such an identity between him and Appellants that a judgment against Appellants is a judgment against him. (*See* Appellants' Brief, at 22-24). We disagree.

Preliminarily, on this question, we observe that, although Appellants cite boilerplate law in support of this issue, (*see id.* at 21-25), they fail to provide this Court with any pertinent citation that supports the argument that an automatic stay must be applied where one of the partners of a non-debtor limited partnership is engaged in bankruptcy proceedings. (*See id.*); *see also* Pa.R.A.P. 2119(a)-(c). However, because we can discern Appellants' argument, we will not deem this issue waived.

Courts have applied the automatic stay to non-debtor third parties **only** "where there is such identity between the debtor and the third-party defendant[s] that they debtor may be said to be the real party defendant and that a judgment against the third-party defendant will be a judgment or finding against the debtor." *McCartney*, *supra* at 510 (citation omitted).

Here, each of the individual Appellants signed the Settlement Agreement agreeing to be bound by its terms. (*See* Settlement Agreement, 1/27/12, at 8-9). While a judgment against Appellant COS Homes, LP, may result in an action against McGahan for indemnification, Appellants fail to

provide any facts that support a conclusion that "there is such an identity between [McGahan] and [Appellants] that [McGahan] may be said to be the real party defendant." **McCartney**, **supra** at 510 (citation omitted). Accordingly, we conclude that the court properly found that the automatic stay did not act to preclude Appellees from enforcing the Settlement Agreement against Appellants. Appellants' third issue lacks merit.[5]

Finally, Appellants argue that the trial court erred in entering judgment against them, but not against McGahan (**See** Appellants' Brief, at 26). Appellants' one-page treatment is undeveloped and lacks any discussion or citation to pertinent authority. (**See id.**); **see also** Pa.R.A.P. 2119(a)-(c). Therefore, this issue is waived.

Moreover, the fourth argument merely re-asserts the claims made in Appellants' first and third issues. (**See** Appellants' Brief, at 26 ("As discussed in Sections I and III, **supra**, there was no circumstance under

_____

[5] Appellants also argue that McGahan "was the agreed-upon obligor under the Settlement Agreement," thus entitling them to the automatic stay. (Appellants' Brief, at 24). Because we already concluded that the plain meaning of the Settlement Agreement does not support Appellants' argument that McGahan was the only party liable, this argument is moot.

We further observe that Appellants provide absolutely no discussion or citation to pertinent authority in support of their argument that, because Appellees are named unsecured creditors in McGahan's bankruptcy proceedings, they are prohibited from enforcing the agreement against the non-debtor Appellants. (**See id.** at 21-25); **see also** Pa.R.A.P. 2119(a)-(c). Therefore, because we are precluded from meaningful review, we deem this argument waived.

which the [trial] [c]ourt could enter judgment against Appellants without simultaneously affecting a judgment against McGahan. This is precisely the reason that the automatic stay should have extended to Appellants . . . .")). Because we already have concluded that Appellants' first and third issues do not merit relief, Appellants' fourth claim, which summarily relies on those arguments, without any further development, fails as well.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014