J-A10009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAPLIN, STEWART, MELOFF, REITER, | : | No. 3040 EDA 2018 |
| & STEIN, P.C., ABRAMSON & | : | |
| DENENBERG PC AND STEWART | : | |
| TITLE GUARANTY COMPANY | : | |

Appeal from the Order Entered August 23, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  January Term, 2018 No. 02736

BEFORE:  LAZARUS, J., OTT, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 29, 2019**

David Hatchigian appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, granting the motion filed by Appellee, Kaplin, Stewart, Meloff, Reiter, & Stein, P.C. ("Kaplin Stewart"), to enforce a settlement agreement.  Upon careful review, we affirm.

This matter has a long and tortured history dating back to March 2006, when the law firm of Abramson & Denenberg, P.C. ("Abramson") filed suit seeking monetary damages against Hatchigian in the Court of Common Pleas of Philadelphia County ("2006 Case").  Following a jury trial, a monetary judgment was entered against Hatchigian in favor of Abramson.  The judgment was subsequently marked to the use of Stewart Title Guaranty Company ("STGC").

In March 2016, Kaplin Stewart, as counsel for STGC, filed a *praecipe* for writ of revival of the judgment in the Court of Common Pleas of Philadelphia County. After Kaplin Stewart was unable to locate Hatchigian to serve him with the writ of revival, the firm filed a motion for alternative service. Attached to the motion was a computer database report showing, *inter alia*, Hatchigian's social security number, which Kaplin Stewart failed to redact prior to filing the document. Hatchigian did not notify Kaplin Stewart or STGC of this oversight. Instead, he filed suit in federal court against Kaplin Stewart, Abramson, STGC and the "First Judicial Court of Pennsylvania City of Philadelphia."

Upon being served with Hatchigian's federal complaint, Kaplin Stewart immediately filed a motion in common pleas court requesting that the court place the motion for alternative service under seal due to the inadvertent inclusion of Hatchigian's social security number. On July 15, 2016, the court granted relief, placing the motion for alternative service and all attached exhibits under seal. Hatchigian's federal action was ultimately dismissed on October 11, 2016. After his federal appeal was unsuccessful, Hatchigian filed a second federal suit against Kaplin Stewart, Abramson, and STGC, raising claims substantially similar to those asserted in the first action.[1] The

---

[1] Among the claims Hatchigian raised were abuse of process, wrongful use of civil proceedings, invasion of privacy, intentional infliction of emotional distress, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692—1692p, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1—2270.16, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1—201-9.3.

defendants filed a motion to dismiss, and the federal court dismissed the case for lack of subject matter jurisdiction.[2] *See Hatchigian v. Kaplin Stewart Meloff Reiter & Stein, P.C.*, No. 16 Civ. 2987, Order (E.D.Pa. filed Oct. 11, 2016).

Thereafter, Hatchigian filed a *praecipe* in the Philadelphia Court of Common Pleas to transfer the state law claims raised in his second federal action to state court ("2018 Case"). After the bulk of Hatchigian's claims were dismissed on preliminary objections, the defendants answered the remaining claims. During the course of discovery, Hatchigian and Kaplin Stewart began discussing the possibility of settlement. After Hatchigian rejected Kaplin Stewart's first offer, the parties continued to negotiate. On June 7, 2018, Peter B. Rogers, Esquire, counsel for Kaplin Stewart, emailed Hatchigian the following revised offer:

1. [Kaplin Stewart] would pay you the sum of $4,000;

2. [Kaplin Stewart] would also pay [STGC] the sum of $3,200, representing the amount of the judgment against you in [the 2006 Case] plus all accrued interest from 2017 to date;

3. [STGC] would satisfy the judgment against you in [the 2006 Case];

4. You would execute a unilateral, general release of all claims against all defendants who are listed in [the 2018 Case]; and

5. [The 2018 Case] would be dismissed in its entirety with prejudice.

_____

[2] Hatchigian's sole federal law claim was time-barred and the court declined to exercise supplemental jurisdiction over the remaining state law claims.

- 3 -

Please note the change to No. 4.

Please notify me in writing whether you accept this offer.

Thanks,

Peter

Email from Peter B. Rogers, Esquire, to David Hatchigian, 6/7/18, at 2:06 p.m.

On June 8, 2018, Hatchigian sent the following response to Attorney Rogers:

> AGREED ANS [SIC] ACCEPTED PL. WILL END, DISCONTINE [SIC], SETTLE. ACCORDING TO DEF. CONDITIONS. WITH IN [SIC] TIME FRAME OF THIRTY DAYS.  DAVID HATCHIGIAN

Email from David Hatchigian to Peter B. Rogers, Esquire, 6/8/18, at 8:26 a.m.

Kaplin Stewart, through Attorney Rogers, subsequently emailed a proposed release to Hatchigian, which Hatchigian promptly signed and returned via email.  On the signed release, Hatchigian hand-wrote the following, confirming the settlement based upon the parties' prior exchange of emails:

> SUBJECT TO KANE, PUGH, KNOELL, TROY KRAMER E/M TO ME ON 6-8.18 8:26 AM + 6-7-18 2:05 E/M SEE ATTACHED 6-7-18 2:06 E/M

Hatchigian Release Signature Page, 6/8/18.  Hatchigian attached to the signed release a copy of Attorney Rogers' June 7, 2018 email setting forth the terms of the settlement offer Hatchigian accepted.  The release contained a blank notary acknowledgement below the signature block, but Hatchigian did not have his signature notarized.

On July 11, 2018, Attorney Rogers emailed Hatchigian to request that he have his signature notarized and to advise him that he could not attach any documents to the release. Thereafter, Hatchigian informed Attorney Rogers that he wanted to renegotiate the terms of settlement and refused to provide a notarized release. Accordingly, Kaplin Stewart filed a motion to enforce the settlement. On August 23, 2018, after a hearing, the court granted the motion. Kaplin Stewart forwarded the settlement funds to the parties and STGC marked the judgment in the 2006 Case satisfied, as required by the agreement of the parties and the order of the court. This timely appeal follows, in which Hatchigian raises the following issues for our review:

> 1. Is the decision by the Court of Common Pleas in conflict with relevant Supreme Court precedents?
>
> 2. Did the trial judge have a sufficient basis in the record to discontinue the claims for Invasion of Privacy and Abuse of Process against the [Defendants]?
>
> 3. Did the trial judge interpret the documentary evidence out of context?
>
> 4. Does the documentary evidence substantiate the inference no settlement was ever reached?

Brief of Appellant, at 7.

Although Hatchigian purports to raise four separate claims, the sole issue requiring resolution by this Court is whether the parties in this matter entered into a legally enforceable settlement agreement. Because Kaplin Stewart and Hatchigian agreed upon the essential terms of the settlement

agreement, we conclude that the trial court did not err in granting Kaplin Stewart's motion to enforce.

We begin by setting forth our scope and standard of review. The enforceability of settlement agreements is determined according to principles of contract law. Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. ***Mastroni-Mucker v. Allstate Ins. Co.***, 976 A.2d 510, 518 (Pa. Super. 2009). Our standard of review over questions of law is *de novo* and the scope of our review is plenary. ***Ragnar Benson, Inc. v. Hempfield Township Mun. Auth.***, 916 A.2d 1183, 1188 (Pa. Super. 2007). "With respect to factual conclusions, we may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record." ***Skurnowicz v. Lucci***, 798 A.2d 788, 793 (Pa. Super. 2002) (citation omitted).

> The law of this Commonwealth establishes that an agreement to settle legal disputes between parties is favored. ***Compu Forms Control Inc. v. Altus Group Inc.***, [] 574 A.2d 618, 624 ([Pa. Super.] 1990). There is a strong judicial policy in favor of voluntarily settling lawsuits because it reduces the burden on the courts and expedites the transfer of money into the hands of a complainant. ***Felix v. Giuseppe Kitchens & Baths, Inc.***, 848 A.2d 943, 946 (Pa. Super. 2004). If courts were called on to re-evaluate settlement agreements, the judicial policies favoring settlements would be deemed useless. ***Greentree Cinemas Inc. v. Hakim***, [] 432 A.2d 1039, 1041 ([Pa. Super.] 1981).

***Mastroni-Mucker***, 976 A.2d at 518. "Once the offeree has exercised his power to create a contract by accepting the offer, a purported revocation is

ineffective as such." ***Id.***, quoting Restatement (Second) of Contracts § 42 cmt. c (1981).

Here, Hatchigian entered into a valid and enforceable agreement to settle his dispute with Kaplin Stewart and STGC. On June 7, 2018, Attorney Rogers emailed Hatchigian a detailed settlement offer setting forth terms, parties, and consideration. Hatchigian unequivocally accepted that offer by email the following morning. Hatchigian's hand-written notations on the signed release further demonstrate his intent to be bound by the terms agreed upon by the parties in their June 7, 2018 and June 8, 2018 emails. That Hatchigian subsequently had a change of heart does not negate the fact that he previously agreed to the terms set forth in Attorney Rogers' June 7, 2018 email, and that this constituted a legally binding agreement. He is, accordingly, bound by his earlier acceptance. ***See id.***

Order affirmed

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/19